## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GEORGE CAMPBELL,** | : | **Civil No. 1:22-CV-1486** |
| | : | |
| **Petitioner** | : | **(Judge Rambo)** |
| | : | |
| **v.** | : | |
| | : | **(M. J. Carlson)** |
| **WARDEN FCI SCHUYLKILL,** | : | |
| | : | |
| **Respondent** | : | |

## REPORT AND RECOMMENDATION

### I.    Introduction

George Campbell, a federal prisoner housed in the Federal Correctional Institution, Schuylkill, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Campbell was convicted in the District Court for the Eastern District of New York in 1998 for conspiracy to commit robbery, robbery, and using a firearm while committing a crime of violence. Following his arrest on these charges, Campbell fled to Costa Rica, where he was subsequently extradited back to the United States. Following his conviction on these charges, the District Court sentenced Campbell to a total sentence of 155 years imprisonment. However, it is represented that pursuant to an extradition agreement with Costa Rica, Campbell was ultimately sentenced to serve no more than 50 years imprisonment, with a

provision that Campbell was not to receive adjustments for good time credit while serving this 50-year sentence. (Doc. 9-1, at 6-7).

Campbell now seeks habeas corpus relief, contending that disciplinary proceedings initiated against him at FCI Schuylkill resulted in deduction of good conduct time as punishment, and that his Due Process rights were violated during this disciplinary action. (Doc. 1). The respondent asserts that Campbell is not entitled to habeas relief in this setting because, although a deduction of good conduct time was part of the disciplinary proceedings against him, Campbell never accrued good conduct time such that it could be deducted. Thus, the respondent contends that Campbell's claim in the instant petition does not affect the fact or duration of his sentence and does not lie in habeas under § 2241. In response, Campbell argues that by virtue of an otherwise unidentified intervening October 2022 order of the sentencing court, he was entitled to begin receiving credit for good conduct time.

After consideration, we agree with the respondent that Campbell's claim does not afford him habeas relief under § 2241 in this court. Rather, Campbell's sole and best avenue of relief lies with the sentencing court which has purportedly altered his sentence. Therefore, we will recommend that this petition either be dismissed, or, to the extent Campbell is challenging his conviction and sentence, be transferred to the Eastern District of New York.

## II.   __Discussion__

The writ of habeas corpus, one of the protections of individual liberties enshrined in our Constitution, serves a specific, and well-defined purpose. The writ of habeas corpus exists to allow those in the custody of the state to challenge in court the fact, duration, and lawfulness of that custody. As the United States Court of Appeals for the Third Circuit has aptly noted: "The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv. L. Rev. 1551, 1553 (2001)). However, there is a necessary corollary to this principle, one which has long been recognized by the courts; namely, "[i]f a ... prisoner is seeking [other relief], he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release-the traditional purpose of habeas corpus. In [such cases], habeas corpus is not an appropriate or available federal remedy." Preiser v. Rodriguez, 411 U.S. 475, 494, 93 S. Ct. 1827, 36 L.Ed.2d 439 (1973).

In the instant case, on its face, Campbell's petition appears to attack the duration of his confinement, as he asserts that he received disciplinary action in the

form of a loss of good conduct time. In fact as a general matter the Third Circuit has held that a petition challenging the Bureau of Prisons' execution of the terms of a prisoner's sentence is properly the subject of a habeas petition under § 2241. See Cardona v. Bledsoe, 681 F.3d 533, 536 (3d Cir. 2012); McGee v. Martinez, 627 F.3d 933, 936-37 (3d Cir. 2010); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005). Thus, prisoners challenging disciplinary actions that resulted in a loss of good time credit can bring such claims under § 2241, as the loss of good time credit could impact the duration of their sentence. See Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008) (citing Preiser, 411 U.S. at 500) ("A challenge, such as this one, to a disciplinary action that resulted in the loss of good-time credits, is properly brought pursuant to § 2241, as the action could affect the duration of the petitioner's sentence"); Wert v. Warden Allenwood USP, 781 F. App'x 51, 53-54 (3d Cir. 2019).

However, in the instant case, Campbell's sentence imposed by the District Court explicitly disallowed the accrual of good time credit while Campbell was serving his 50-year sentence in accordance with the extradition agreement between the United States and Costa Rica. (Doc. 9-1, at 7). Therefore, although part of the disciplinary sanction for Campbell's infraction allowed for the loss of good conduct time (Doc. 12-1, at 13), Campbell had not accrued any good conduct time such that he suffered a loss of the same. (Id., at 5). In fact, Campbell's Sentence Monitoring

Computation Data as of September 27, 2022 indicated that Campbell had earned 0 days of good conduct time and contained a remark that stated: "No GCT available for disallowance as award not granted in compliance with judgment & commitment order." (Id.)

Accordingly, as the Court of Appeals has held, "[i]n order to challenge the execution of his sentence under § 2241, [the petitioner] would need to allege that BOP's conduct was somehow inconsistent with a command or recommendation in the sentencing judgment." Cardona, 681 F.3d at 537. Here, Campbell cannot make this showing, as the record indicates that the BOP was conducting themselves in accordance with the District Court's order which explicitly disallowed the accrual of good conduct time while Campbell served this 50-year sentence. Accordingly, Campbell's claim fails as a matter of law.

To the extent that Campbell is asserting that there has been an intervening change in his sentence such that he is now permitted to accrue good time credit, he has not attached any evidence to support this assertion. Rather, he merely asserts in his traverse that on October 21, 2022, the District Court in the Eastern District of New York granted him good time credit. (Doc. 10, at 1). Accordingly, in our view, this statement does not warrant federal habeas relief form this court in this context. Rather, if Campbell wishes to challenge his sentence or any modifications of his sentence, such claims should be brought before the sentencing court pursuant to 28

U.S.C. §§ 2241 or 2255. See § 2255 ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention"); Descamps v. Warden Lewisburg USP, 617 F. App'x 110, 112 (3d Cir. 2015) (finding that claims challenging a prisoner's sentence were not properly brought in a § 2241 petition where prisoner's direct appeal was pending and he had not filed a motion for relief with the sentencing court).

In the instant case, it is unclear if the petitioner has challenged the validity of his sentence by way of a motion in the District Court where he was sentenced. As such, to the extent Campbell's petition asserts a challenge to his sentence, such a motion would not be properly brought by way of a § 2241 petition unless Campbell "'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law' negated." Descamps, 617 F. App'x at 112 (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

Therefore, to the extent this petition challenges Campbell's sentence, or the proper interpretation of an alleged modification of that sentence, this is a case which is procedurally problematic as a habeas corpus petition before this court under §

2241. Recognizing that this matter potentially may not be appropriately brought before this court, the petition could either be dismissed or transferred to the Eastern District of New York, so the sentencing district court may consider this petition. While both courses—dismissal or transfer—are available to this court, in the instant case we recommend the transfer of this case to the court of conviction. In making this recommendation, we note that federal habeas corpus proceedings are essentially civil proceedings, and as such are governed by the statutes and rules which apply generally to civil litigation. Thus, such petitions are also subject to the general rules governing venue in civil litigation, including title 28 U.S.C. § 1404(a), which states as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district of division where it might have been brought."

Adhering to this familiar principle, we observe that when courts in this district have been confronted by habeas petitions, like the petition lodged here, which challenge aspects of a sentence imposed by another federal district court, they have often relied upon § 1404 to order the transfer of the petition to the sentencing court for its consideration. In reaching this result we have observed that:

> The Court may apply "traditional venue considerations," including convenience to the parties, where material events took place, and where records and witnesses pertinent to a petitioner's claim may be found, to habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-94, 93 S. Ct. 1123, 35 L.Ed.2d 443 (1973). Indeed, this Court has followed this course of action in other cases where an inquiry into the

sentencing court's intent was necessary to properly dispose of a petition..... See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, at *2 (M.D. Pa. Jun. 28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4 (M.D. Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204 F.Supp.2d 818, 820 (D.N.J. 2002)) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir. 1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").

Stover v. Sniezek, No. 1:10-CV-1213, 2010 WL 3220318, *4 (M.D. Pa. Aug. 12, 2010) (Jones, J.); see also Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561, *2 (M.D. Pa. Jun. 28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D. Pa. April 14, 2008) (Munley, J.).

In this case, the prerequisites for a transfer of this matter to the Eastern District of New York pursuant to 28 U.S.C. § 1404 are fully satisfied. At the outset, it is apparent that this venue is another district where this claim might have been brought through a motion under 28 U.S.C. § 2255. It is also evident that the second prerequisite for a transfer order is present here: A transfer of this action would serve: "the convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C. § 1404(a). As we have previously noted when transferring other petitions to the sentencing district:

Because the District Court ... sentenced the petitioner, the events material to the case took place in that district. In addition, the court in

that district has access to the evidence that led the court to make its sentencing ... determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner, 2008 WL 1752229, at *4.

Moreover, in the instant case, "[w]e need not ... be overly concerned with the limitations on transfer in section 1404(a), as we believe that there is at least a plausible argument that if [the petitioner] has no other remedy in the district of his conviction and sentencing, ... the district court [may] exercise[e] jurisdiction under the All–Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of error *coram nobis*." In re Nwanze, 242 F.3d 521, 526 (3d Cir. 2001).

Finally, we note that an order transferring this case to the sentencing district for further proceedings also protects the petitioner's rights as a pro se litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

In sum, we conclude that Campbell's challenge under § 2241 to the duration of his sentence is without merit, as the disallowance of good time credit by the sentencing court, as well as evidence that Campbell never accrued any good time credit, negates any claim that a disciplinary action resulting in the loss of good time credit potentially affected the duration of his sentence. Further, to the extent Campbell is challenging his sentence imposed by the District Court for the Eastern District of New York, this challenge is not properly brought in his § 2241 petition. However, rather than dismiss this petition, acting out of an abundance of caution, the Court may transfer his petition pursuant to 28 U.S.C. § 1404 to the sentencing court so that court may address the merits of this claim.

## III.    <u>Recommendation</u>

For the reasons set forth above, IT IS RECOMMENDED that the Court deny this petition for a writ of habeas corpus, or alternatively, transfer this petition to the Eastern District of New York. (Doc. 1).

Petitioner is placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall

make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 1st day of June 2023.

_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge