UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

GEORGE CAMPBELL,

               Petitioner,

     v.

WARDEN, F.C.I. SCHUYLKILL,

               Respondent.

UNITED STATES OF AMERICA,

     v.

GEORGE CAMPBELL,

               Defendant.

**MEMORANDUM & ORDER**
23-CV-05585 (HG)

91-CR-01219 (HG)

**HECTOR GONZALEZ**, United States District Judge:

George Campbell ("Petitioner") has filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2241, challenging a disciplinary proceeding in which the U.S. Bureau of Prisons ("BOP") supposedly reduced his good time credit. Petitioner has also filed a motion on his criminal docket that asks the Court to reduce the sentence he received in his criminal case or, alternatively, to terminate early his period of supervised release. This order addresses all of Petitioner's requests for relief in both proceedings and, for the reasons further set forth below, denies all of the relief that Petitioner has requested.

## PROCEDURAL HISTORY

Petitioner was charged in this District in 1992 with numerous counts of bank robbery, postal office robbery, and use of a firearm in connection with a crime of violence. *United States v. Campbell*, No. 91-cr-1219 (E.D.N.Y. filed Oct. 10, 1991) (ECF No. 60). Petitioner did not,

however, go to trial with his co-defendants because he escaped from the facility where he was

being detained and fled to Costa Rica. *United States v. Campbell*, 300 F.3d 202, 205 (2d Cir.

2002).[1]  Costa Rica eventually agreed to extradite Petitioner back to the United States but

imposed multiple conditions, including "that [Petitioner] would not be sentenced to more than 50

years' imprisonment." *Id.* at 205–06.  After his extradition, Petitioner went to trial and was

convicted of three counts of postal robbery, four counts of bank robbery, one count of conspiring

to commit an offense against the United States, and seven counts of using a firearm during a

crime of violence. *Campbell*, No. 91-cr-1219 (ECF No. 644).  Since Petitioner was sentenced

before the U.S. Supreme Court's seminal decision in *United States v. Booker*, 543 U.S. 220

(2005), the district court was required to impose a sentence consistent with the Sentencing

Guidelines. *See United States v. Campbell*, No. 20-4204-cr, 2022 WL 199954, at *2 (2d Cir.

Jan. 24, 2022) (describing procedural history of Petitioner's sentence).

Judge Raymond Dearie imposed a sentence of 150 years of imprisonment and five years

of supervised release. *Campbell*, No. 91-cr-1219 (ECF No. 644).  However, to reflect the

conditions of Costa Rica's agreement to extradite Petitioner, the judgment stated that "the

Bureau of Prisons must release the Defendant after he has served fifty (50) years in prison." *Id.*

at 4.  Judge Dearie also attached to Petitioner's judgment an order that said:  "Any credit, except

prior custody credit, shall only affect the 150 year term and not the 50 year maximum term of

incarceration as established by the extradition agreement between the United States and Costa

Rica.  Therefore, the defendant shall be released after he serves a period of incarceration not

greater than 50 years as established by the extradition agreement between the United States and

---

[1]     Unless noted, case law quotations in this order accept all alterations and omit internal
quotation marks, citations, and footnotes.

Costa Rica, with no adjustments for good conduct time, or the 150 year sentence, with adjustments for good conduct time, whichever is earlier." *Id.* at 10.

In September 2022, Petitioner filed in the U.S. District Court for the Southern District of New York a petition for habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his loss of good time credit following discipline imposed by BOP because of an incident that had occurred while he was incarcerated at FCI Otisville approximately one year earlier. *Campbell v. Warden*, No. 23-cv-5585 (E.D.N.Y. filed Sept. 9, 2022) (ECF No. 1). Although FCI Otisville is located within the Southern District of New York, by the time Petitioner filed his habeas petition, he had been transferred to FCI Schuylkill, which is in the Middle District of Pennsylvania. *Id.* (ECF No. 1); *see also* 28 U.S.C. §§ 112(b), 118(b). A judge from the Southern District of New York, therefore, issued an order finding that she did not have jurisdiction over Petitioner's custodian and transferring the habeas petition to the Middle District of Pennsylvania. *Campbell*, No. 23-cv-5585 (ECF No. 2) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494–95 (1973) and *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004)).

The U.S. Attorney's Office for the Middle District of Pennsylvania filed an opposition to the petition, which principally argued that Petitioner's length of incarceration was unaffected by his loss of good time credit because Judge Dearie's sentence required Petitioner to be released after 50 years without accounting for good time credit. *Id.* (ECF No. 9). The Government, therefore, argued that Petitioner could not receive habeas relief related to his loss of credit. *Id.* As part of the Government's opposition, a representative from BOP submitted a declaration confirming that, pursuant to Judge Dearie's sentence, BOP had not been counting any good time credit towards Petitioner's period of incarceration. *Id.* (ECF No. 9-1).

In October 2022, shortly after Petitioner filed his habeas petition, Judge Dearie granted a motion to reduce Petitioner's sentence, pursuant to 18 U.S.C. § 3582(c)(1), which Petitioner had

3

filed in this District several years earlier. *United States v. Campbell*, 647 F. Supp. 3d 76, 87–88 (E.D.N.Y. 2022). Judge Dearie held that extraordinary and compelling circumstances warranted reducing Petitioner's sentence—specifically, Congress's intervening elimination of the stacking of enhanced minimum sentences for multiple firearms charges in the same indictment. *Id.* At the time Petitioner was sentenced, binding case law from the Supreme Court and the Second Circuit required courts to treat multiple charges in the same indictment that a defendant used a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c), as "second or subsequent conviction[s]" under the statute. *See Deal v. United States*, 508 U.S. 129, 131–32 (1993); *United States v. Bernier*, 954 F.2d 818, 819 (2d Cir. 1992). Therefore, when Petitioner was originally sentenced, Judge Dearie was obligated to impose minimum, consecutive sentences of 20 years' imprisonment for each of the second through seventh firearms charges for which Petitioner was convicted. *See Campbell*, 647 F. Supp. 3d at 87. If Petitioner were to have been convicted of those same seven firearms charges today, however, under the current version of 18 U.S.C. § 924(c), he would only be required to receive a mandatory minimum sentence of 35 years' imprisonment. *Id.*

Due to that disparity and Petitioner's efforts at rehabilitation while incarcerated, Judge Dearie held that "a sentence of time served effective November 1, 2023, is sufficient, but not greater than necessary, to satisfy the statutory sentencing objectives in this case." *Campbell*, 647 F. Supp. 3d at 89. Following his decision, Judge Dearie entered a second amended judgment, which confirmed that he had not altered Petitioner's sentence of five years of supervised release. *Campbell*, No. 91-cr-1219 (ECF No. 823). Neither the amended judgment nor Judge Dearie's decision on Petitioner's motion to reduce his sentence said anything about Petitioner's entitlement to good time credit. *See id.*; *Campbell*, 647 F. Supp. 3d 76.

After Petitioner received a reduction in his sentence from Judge Dearie, he argued in the Middle District of Pennsylvania that Judge Dearie's order had eliminated the prior restrictions on his accumulation of good time credit.  *Campbell*, No. 23-cv-5585 (ECF No. 10).  Petitioner did not, however, attach to his submission a copy of Judge Dearie's order or the amended judgment.  *Id.*  Since he had not received a copy of Judge Dearie's order, the magistrate judge assigned to review Petitioner's habeas petition found that it was "unclear if the petitioner has challenged the validity of his sentence by way of a motion in the District Court where he was sentenced."  *Campbell*, No. 23-cv-5585 (ECF No. 13).  The magistrate judge therefore recommended that Petitioner's habeas proceeding be transferred to this District, so that a judge in this District could consider it "to the extent [Petitioner] is challenging his sentence imposed by the District Court for the Eastern District of New York."  *Id.* at 10.  The district judge in the Middle District of Pennsylvania assigned to Petitioner's case adopted the magistrate judge's recommendation.  *Campbell*, No. 23-cv-5585 (ECF No. 15).  After Petitioner's habeas petition was transferred to this District, it was assigned to me.

Petitioner responded to the Middle District of Pennsylvania's transfer order by filing a new motion on his criminal docket in this District.  *Campbell*, No. 91-cr-1219 (ECF No. 840).  In that motion, Petitioner argued that, since he had supposedly accumulated four years of good time credit, the Court should either reduce his sentence again to eliminate his term of supervised release or, alternatively, terminate early his term of supervised release.  *Id.* at 4, 7.  I had already decided multiple motions by Petitioner's co-defendants, so Petitioner's motion was also assigned to me because of Judge Dearie's retirement.

## DISCUSSION

As further explained below, Petitioner's release from prison has provided the Court with jurisdiction to decide his request for habeas relief, pursuant to 28 U.S.C. § 2241, but the Court

5

denies that relief.  The Court also denies Petitioner's requests that the Court further reduce his sentence or terminate early his period of supervised release.

## I.     The Court Denies Petitioner's Section 2241 Petition

According to the BOP's publicly available records, Petitioner was released from incarceration on November 1, 2023, consistent with Judge Dearie's order reducing his sentence, but without accounting for any good time credit that Petitioner contends that he had accrued. Since Petitioner remained in custody in the Middle District of Pennsylvania until that date, the Court did not have jurisdiction to act on Petitioner's request for relief pursuant 28 U.S.C. § 2241 until that time.  Section 2241 provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge," so long as the authority to grant the writ falls "within their respective jurisdictions."  28 U.S.C. § 2241(a).  The Supreme Court has interpreted this jurisdictional limitation to mean that, when a person files a habeas petition pursuant to 28 U.S.C. § 2241 "challenging present physical confinement, jurisdiction lies in only one district:  the district of confinement."  *Padilla*, 542 U.S. at 443.

Petitioner's release from incarceration and his commencement of a period of supervised release has returned jurisdiction over him to this Court because, regardless of whether Petitioner is currently in this District, the Court has not granted any request to transfer jurisdiction over Petitioner to another district.  *See* 18 U.S.C. § 3601 (providing that a defendant "placed on supervised release . . . shall, during the term imposed, be supervised by a probation officer to the degree warranted by the conditions specified by the sentencing court"); 18 U.S.C. § 3605 (authorizing the court that "impos[ed] a sentence" to "transfer jurisdiction over a probationer or person on supervised release" to another district).  Additionally, Petitioner's release from incarceration does not deprive the Court of jurisdiction to decide a Section 2241 petition that challenges his entitlement to good time credit.  Such "[a] petition for habeas corpus relief does

6

not necessarily become moot when the petitioner is released from prison" because "a court may provide effectual relief even after a petitioner's imprisonment term has ended by for example reducing his term of supervised release." *Munteanu v. Lowe*, No. 19-cv-3313, 2023 WL 4564878, at *2 (E.D.N.Y. July 17, 2023) (holding that Section 2241 petition seeking restoration of good time credit was not moot but that it failed on the merits).

To decide whether Petitioner may bring a Section 2241 petition to challenge his supposed loss of good time credit, the Court must decide whether Judge Dearie's original sentence permitted Petitioner to receive any good time credit. Typically, "[t]he Attorney General, through the BOP, possesses the sole authority to make credit determinations pursuant to 18 U.S.C. § 3585(b)," and "the district courts do not have authority to order the BOP to either grant or deny credit or to disregard the BOP's calculations." *United States v. Whaley*, 148 F.3d 205, 206–07 (2d Cir. 1998). However, the Second Circuit expressly held during Petitioner's direct appeal that Judge Dearie was permitted to structure Petitioner's sentence so that any good time credit he received would apply only to his nominal 150-year sentence and not to the 50 years of incarceration permitted by the extradition agreement with Costa Rica. *Campbell*, 300 F.3d at 212 (explaining that Judge Dearie's "order that exactly 50 years be served, without any diminution for, *e.g.*, good time credits" "was well within the discretion of the district court"). The Second Circuit has permitted a district court similarly to structure a sentence to prevent an extradited defendant from accruing good time credit in at least one other case. *United States v. Casamento*, 887 F.2d 1141, 1187 (2d Cir. 1989) (holding that district court was permitted to "sentence[] [defendant] to prison for forty-five years but order[] that he be released after thirty years" in order to avoid defendant's "mandatory release after good time credits in twenty to twenty-three years").

Having decided that Judge Dearie acted properly in structuring Petitioner's sentence to prevent him from counting good time credit towards his 50-year period of incarceration, the Court must next consider whether Judge Dearie changed that arrangement by granting Petitioner's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1).  To answer that question, the Court must first decide whether Judge Dearie's order granting Petitioner's motion or the amended judgment he entered several days later expresses the relevant changes to Petitioner's sentence.  Normally, when a defendant is sentenced, "where an unambiguous oral sentence conflicts with the written judgment, the constitutional right of a defendant to be present at sentencing dictates that the oral pronouncement of sentence must control."  *United States v. Peguero*, 34 F.4th 143, 165 (2d Cir. 2022).  That is because "'it is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence, and the written judgment is nothing more than mere evidence of the sentence imposed orally in court by the judge.'"  *United States v. Whitaker*, No. 21-1543-cr, 2023 WL 5499363, at *3 (2d Cir. Aug. 25, 2023) (quoting *United States v. Thomas*, 299 F.3d 150, 152 (2d Cir. 2002)).

In this case, Rule 43 of the Federal Rules of Criminal Procedure expressly provides that Petitioner had no right to be physically present when Judge Dearie granted Petitioner's motion to reduce his sentence.  *See* Fed. R. Crim. P. 43(b)(4) (providing that "[a] defendant need not be present under any of the following circumstances," including a "proceeding [that] involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)").  Nevertheless, the Court deems it appropriate to apply the general principle that Judge Dearie's order granting the sentence reduction controls over any potentially conflicting information in the amended judgment he later entered.  Consulting the order to interpret Judge Dearie's changes to Petitioner's sentence, rather than the subsequent amended judgment, is particularly appropriate because 18 U.S.C. § 3582(c) permits a court only to "modify a term of imprisonment."  18

U.S.C. § 3582(c)(1).  A separate provision of Section 3582 expressly states that a defendant's original "judgment of conviction . . . constitutes a final judgment" even though the term of imprisonment may later be modified.  18 U.S.C. § 3582(b)(1); *see also Dillon v. United States*, 560 U.S. 817, 825 (2010) (explaining that Section 3582(c) "provides for the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence").  Accordingly, it is not clear that a court is required—or even permitted—to enter a separate amended judgment when granting a motion to reduce a defendant's sentence.  *See Telcy v. United States*, 20 F.4th 735, 745 (11th Cir. 2021) (holding that defendant who successfully obtains a reduced sentence, pursuant to 18 U.S.C. § 3582(c)(1), cannot bring a second motion to vacate his conviction, pursuant to 28 U.S.C. § 2255, because defendant "may have received a new reduced sentence, but § 3582(b) prevented the district court from issuing him a new judgment").

Having concluded that Judge Dearie's order granting Petitioner's motion to reduce his term of imprisonment expresses the relevant changes to Petitioner's sentence, the Court finds that it made no changes to the limitations on Petitioner's accrual of good time credit that Judge Dearie imposed in Petitioner's original sentence.  Judge Dearie's order does not mention good time credit or give any suggestion that it was designed to change that aspect of his original sentence.  *Campbell*, No. 91-cr-1219 (ECF No. 823).  Additionally, Judge Dearie's description of Petitioner's sentence as "time served effective November 1, 2023," rather than as a period of years of incarceration, conveys that Judge Dearie intended that Petitioner be released from prison on that specific date.  *Id.* at 19.  This method of describing Petitioner's sentence is consistent with the Second Circuit's express confirmation, during Petitioner's direct appeal, that Judge Dearie was permitted to sentence Petitioner to a period of incarceration longer than the 50-year

9

limit imposed by the extradition agreement with Costa Rica, but to order the BOP to release Petitioner on an earlier date that complied with the agreement.  *Campbell*, 300 F.3d at 212.

For the reasons described in this section, the Court denies Petitioner's petition for habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner's original sentence prevented him from counting good time credit towards his term of imprisonment, and Judge Dearie did not change that by granting Petitioner's motion to reduce his term of imprisonment.  Since Petitioner had no good time credit to apply to his term of imprisonment, and his Section 2241 petition is based solely on the BOP's allegedly improper reduction of his good time credit, the petition fails to state a viable claim for relief.

## II.    The Court Denies Petitioner's Motion to Reduce His Sentence

The Court also denies the motion that Petitioner has made in his criminal case to reduce his sentence yet again.  When considering a motion to reduce a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), the court must first "find that extraordinary and compelling reasons warrant such a reduction," and second must "consider the factors set forth in section 3553(a) to the extent that they are applicable before it can reduce the defendant's sentence."  *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021).  A defendant must prevail on both issues, and the Second Circuit has authorized district courts to deny a reduction in sentence if either requirement is not met without the district court needing to consider the other requirement.  *Id.* at 374–75 (holding that district court may "end its analysis if it determines that extraordinary and compelling reasons for granting the motion are absent"); *United States v. Keitt*, 21 F.4th 67, 69 (2d Cir. 2021) (holding that district court may deny a reduction in sentence based solely on its assessment of the Section 3553(a) factors).

After considering the Section 3553(a) factors, the Court deems that no further reduction in Petitioner's sentence is warranted beyond the approximately 20-year reduction that Judge

Dearie has already given.  Petitioner was convicted of being part of a conspiracy in which his co-conspirators committed more than a dozen armed robberies of post offices and banks over a period of less than four months.  *Campbell*, No. 91-cr-1219 (ECF No. 60 ¶¶ 5(i)–5(xix)).  Petitioner's counsel who represented him during his original motion to reduce his sentence conceded that, during one of the robberies, Petitioner personally "pistol-whipped the driver of a postal truck, causing one day of hospitalization for contusions and rib fractures." *Id.* (ECF No. 807).  Although Petitioner's ability to engage in widespread physical violence has undoubtedly diminished as he has aged, requiring Petitioner to complete a five-year term of supervised release appropriately reflects the seriousness of his offense and protects the public from potential future crimes.  *See* 18 U.S.C. §§ 3553(a)(2)(A), (C).  Keeping Petitioner's sentence of supervised release also avoids unwarranted sentencing disparities between Petitioner's co-defendants, *see* 18 U.S.C. § 3553(a)(6), because two of his co-defendants who received reductions in their terms of imprisonment have still been subject to a five-year term of supervised release, *see Campbell*, No. 91-cr-1219 (ECF Nos. 812, 835).

### III.    The Court Denies Petitioner's Motion to Terminate His Period of Supervised Release

The Court also declines to terminate Petitioner's term of supervised release.  A district court may terminate a term of supervised release after considering a subset of the sentencing factors identified in 18 U.S.C. § 3553(a), a subset which excludes "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" and "the kinds of sentences available."  18 U.S.C. § 3583(e)(1).[2]  A court may do so only after the defendant has completed one year of supervised release.  *Id.*

---

[2]       Specifically, 18 U.S.C. § 3583(e)(1) states in full:  "The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)[,] terminate a term of supervised release and discharge the defendant released at any time

Although district courts, in deciding whether to reduce or terminate a term of supervised release, generally consider whether a defendant has demonstrated changed circumstances that justify such a modification, the Second Circuit has clarified that Section 3583(e) "does not *require* new or changed circumstances relating to the defendant in order to modify conditions of release." *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016) (emphasis in original); *see also United States v. Trotter*, 321 F. Supp. 3d 337, 360 (E.D.N.Y. 2018) (Weinstein, J.) (describing at length the statutory and historical framework of supervised release and explaining that, according to *Parisi*, changed circumstances are not required to terminate supervised release early). Nevertheless, "[c]ourts in the Second Circuit have routinely held [that] mere compliance with the terms of supervised release does not qualify [a defendant] for early termination." *United States v. Dent*, No. 15-cr-606, 2023 WL 2087993, at *2 (E.D.N.Y. Feb. 17, 2023).

Petitioner is not eligible for termination of his supervised release because he has not been on supervised release for more than one year. 18 U.S.C. § 3583(e)(1). Even if Petitioner had already completed a year of supervised release, however, the Court would still deny Petitioner's motion. As described above, Petitioner was convicted of participating in a dangerous and wide-ranging conspiracy, in which he personally caused the hospitalization of a postal worker. The Court therefore believes that continuing Petitioner's supervision for the remainder of its five-year period is necessary to protect the public by ensuring that Petitioner does not relapse into his prior illegal conduct. Requiring Petitioner to serve his period of supervised release is also consistent with the Court's recent decisions: (i) to deny a motion by one of Petitioner's co-defendants seeking to terminate early his period of supervised release, and (ii) to grant another co-

---

after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

defendant's motion to reduce his term of imprisonment but to keep his original five-year period of supervised release.  *Campbell*, No. 91-cr-1219 (ECF Nos. 835, 836).

### CONCLUSION

For the reasons set forth above, the Court DENIES Petitioner's petition for a writ of habeas corpus, made pursuant to 28 U.S.C. § 2241, and also DENIES the motion made in his criminal proceeding to reduce his sentence or, alternatively, to terminate his period of supervised release.  With respect to Petitioner's motion to reduce his sentence or to terminate his supervised release, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, denies Petitioner *in forma pauperis* status for the purpose of an appeal related to that motion.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  The Court respectfully directs the Clerk of Court to enter judgment denying the habeas petition in Case No. 23-cv-05516 and to close that case.

Petitioner has not provided the Court with an updated address following his release from prison.  The Court's staff will therefore provide a copy of this order, along with copies of the unpublished decisions referenced in this order, to Petitioner's probation officer, so that the officer may attempt to provide the order to Petitioner.

SO ORDERED.

/s/ Hector Gonzalez
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
December 27, 2023

13